CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 13, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

TOMMY JAMES GRAHAM, JR.,
    Plaintiff,

v.    Case No. 7:24-cv-00096

J. ARTRIP, Warden, et al.,
    Defendants.

## MEMORANDUM ORDER

Tommy James Graham, Jr., ("Graham"), the pro se prisoner plaintiff in this civil rights case filed under 42 U.S.C. § 1983, has filed a motion for sanctions based on alleged spoliation of evidence by the defendants. (Docket Item No. 94.)

Motions for sanctions regarding discovery issues are governed by Rule 37 of the Federal Rules of Civil Procedure and require courts to "find some degree of fault." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri*, 271 F.3d at 590. The party seeking sanctions under a spoliation theory "'must establish, inter alia, that the alleged spoliator had a duty to preserve material evidence.'" *Snell v. Reid*, No. 22-1869, No. 22-2258, 2024 WL 2815061, at *2 (4th Cir. June 3, 2024) (quoting *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013)). To prevail on a spoliation claim, the moving party must demonstrate that "the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction." *Turner*, 736 F.3d at 282 (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)).

Graham first complains that the incident report the defendants produced was altered in bad faith. Specifically, he claims that Officer Schlobohm's name was omitted from the report despite her involvement in the October 5, 2023, incident, offering the conclusory allegation that "[t]his was done in an attempt to hide in bad faith an adverse statement from one of the officers involved." (Docket Item No. 94 at 1-2.) However, Graham fails to demonstrate that the defendants willfully engaged in conduct that altered the report to exclude Schlobohm's name, particularly where such omission could have been a mere clerical error. Because a spoliation claim must involve more than the "negligent loss or destruction of evidence," *Turner,* 736 F.3d at 282, Graham has not shown that the defendants acted with the requisite knowledge to prevail on this issue. *See Johns v. Gwinn*, 503 F. Supp. 3d 452, 474 (W.D. Va. 2020) (requiring that to impose sanctions for spoliation of evidence, courts must find that "the spoliator acted with an intent to deprive the moving party of the evidence for use in litigation").

Graham further argues that the defendants did not produce an incident report prepared by Schlobohm. However, in response, the defendants provided an Affidavit of Schlobohm, in which she indicates that she did not prepare an incident report regarding the October 5, 2023, incident. (Docket Item No. 98-1) (Affidavit of M. Schlobohm). Inherent in the discovery rules under the Federal Rules of Civil Procedure, a party can only produce evidence within its "possession, custody, or control." FED. R. CIV. P. 34(a)(1). Therefore, the court cannot compel production or impose sanctions for failure to produce evidence which does not exist. To the extent that Graham argues that the incident report did once exist but was later destroyed, he offers no evidence to support his theory, and mere speculation is insufficient to warrant sanctions. *See e.g.*, *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 523 (S.D. W. Va. Feb. 4, 2014) (determining that

"speculative or generalized assertions . . . are insufficient" for the party seeking sanctions to prevail on a spoliation claim).

Therefore, based on the foregoing, it is hereby **ORDERED** that Graham's Motion For Spoliation Sanctions, (Docket Item No. 94), is **DENIED**.

Copies of this Order will be provided to all counsel of record and unrepresented parties.

**ENTERED:** January 12, 2026.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE